Acisclo Mejías, demandante y apelado *v.* José R. Vélez, demandado y apelante. El Mismo, demandante y apelante, *v.* El Mismo, demandado y apelado.

Nos. 5679 y 5742.—*Sometidos:* Marzo 10, 1932. *Resueltos:* Abril 8, 1932.

*F. A. González Suárez,* abogado del demandante; *M. Figueroa del Rosario,* abogado del demandado.

El Juez Asociado Señor Hutchison, emitió la opinión del tribunal.

En septiembre 11, 1930, Acisclo Mejías instituyó un procedimiento en la Corte Municipal de San Sebastián contra José R. Vélez y otros, en cobro de la suma adeudádale por concepto de siete pagarés. De la faz de estos pagarés se desprendía que cada uno de ellos era una obligación mancomunada y solidaria. Vélez no compareció ante la corte municipal y en octubre 10, 1930, se dictó sentencia en rebeldía. En octubre 16 él apeló de esta sentencia. Posteriormente solicitó que el caso fuese incluído en el calendario de la corte de distrito. Éste fué el único paso dado por él en dicha corte con anterioridad a la fecha del juicio.

En enero 19, 1931, el caso fué llamado y ambas partes anunciaron estar listas para el juicio. El demandante entonces solicitó la desestimación del recurso. El demandado se opuso y después de argumentar el caso su objeción fué sostenida. Entonces, después de alguna discusión relativa

a otra cuestión, el juez de distrito hizo al abogado del demandado una pregunta relativa a los méritos de la moción. El abogado del demandado contestó que no tenía objeción a que se discutiera la moción sobre sus méritos. Después de una discusión ulterior la moción fué declarada sin lugar.

El demandado entonces solicitó permiso para radicar su contestación. El demandante se opuso y el juez de distrito se negó a permitir que se archivara la contestación. Entonces se prosiguió el juicio, el que dió por resultado una sentencia a favor del demandante. El demandado apela y sostiene que la corte de distrito cometió error y abusó de su discreción al negarse a permitir el archivo de la contestación. La contestación propuesta admitía el otorgamiento y entrega de los pagarés en la forma, modo y términos alegados en la demanda, pero aducía como defensa afirmativa, que en lo que al demandado Vélez se refería, dichas obligaciones carecían de fuerza y vigor y que él no era responsable bajo las mismas, ni como fiador ni como obligado solidario o en alguna otra forma, toda vez que al día siguiente del otorgamiento y entrega de los pagarés dicho Vélez, quien era un mero fiador de Alfonso Ruiz, otro demandado, con el fin de retirar su nombre como fiador, visitó al demandante; que el demandante consintió en relevar dicho Vélez de toda responsabilidad ulterior; que el demandante convino en hacer un nuevo arreglo con los otros suscribientes de los pagarés, ora con el fin de celebrar un nuevo contrato o aceptar nuevos pagarés con otra firma, o aceptar, sin tomar en consideración la firma de Vélez, los pagarés ya otorgados; y que para gran sorpresa de Vélez (violando así dicho convenio y aprovechándose del hecho de que Vélez era solvente y de que él confiando en el demandante había dejado de borrar o tachar su firma) el demandante ahora trataba de cobrarle a Vélez la deuda de sus codemandados. La contestación no estaba jurada ni fué acompañada por un *affidavit* de méritos ni por explicación alguna respecto a por qué no había sido radicada anteriormente. La copia que

tenemos ante nos está fechada el 19 de enero, 1930. De ser cierta esa fecha, dicha alegación fué redactada un año antes de celebrarse el juicio en la corte de distrito y unos ocho meses antes de archivarse la demanda en la corte municipal. Si por otra parte asumimos que el año 1930 fué un error de máquina (*clerical error*) y que la intención fué poner el 1931, entonces la contestación fué preparada el mismo día que el caso fué llamado para juicio en la corte de distrito.

El juez de distrito, en vista de la demora inexplicada al preparar y presentar esta propuesta contestación, y en vista de las admisiones en ella contenidas, así como de la naturaleza de las alegaciones afirmativas, no abusó de su discreción al negarse a conceder permiso para radicar la misma.

El demandante también apela de la sentencia dictada a a su favor y alega que la corte inferior cometió error al declarar sin lugar la moción para desestimar, así como al no desestimar la apelación interpuesta contra la sentencia dictada por la corte municipal. El argumento es suficientemente plausible, pero del otro lado podría decirse mucho sobre la cuestión y no estamos convencidos de que debió haberse desestimado el recurso. En vista de la conclusión a que ya hemos llegado al considerar la apelación perfeccionada por el demandado, no creemos necesario discutir ahora los méritos de la apelación del demandante.

*Debe confirmarse la sentencia de la corte de distrito.*

El Juez Asociado Señor Wolf no intervino.